PIRL v. CARY.

(Supreme Court, Appellate Term.   May 9, 1912.)

BILLS AND NOTES (§ 396*)—LIABILITY OF INDORSEE—NOTICE OF NONPAYMENT—
ACCOMMODATION INDORSEMENT.

    Where an indorsee filed an affidavit, pursuant to Code Civ. Proc. § 923, averring want of notice of nonpayment, and showed that the notice was insufficient, and that the note was indorsed by him for the accommodation of plaintiff, there could be no recovery against the indorsee.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1022–1028; Dec. Dig. § 396.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Franz Pirl against Arthur L. Cary. From a judgment of the Municipal Court for plaintiff, after a trial before the court without a jury, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Mark H. Ellison, of New York City, for appellant.

Charles G. Wheeler, of New York City, for respondent.

SEABURY, J. The plaintiff sued to recover the amount of a promissory note made by one Weisman and indorsed by the defendant. The defendant filed an affidavit pursuant to section 923 of the Code of Civil Procedure. The evidence offered to show that notice of the nonpayment and protest of the note was given to the defendant was insufficient. We think, also, that the evidence established that the note was indorsed by the defendant for the accommodation of the plaintiff, so as to enable him to get it discounted at the bank, and that the conclusion of the learned court below that the defendant indorsed the note to induce the plaintiff to advance money to the maker is not sustained by the evidence.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.